UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| STEVEN J. BROUSSARD | CIVIL ACTION NO. 09-1422 |
| VERSUS | JUDGE DOHERTY |
| TETRA APPLIED TECHNOLOGIES, L.P., ET AL | MAGISTRATE JUDGE HANNA |

*MEMORANDUM RULING*

Before the court is plaintiff's Updated Motion to Compel (Rec. Doc. 32). The motion is opposed.

*Background and Argument*

Plaintiff originally filed a motion to compel defendant Tetra Applied Technologies, L.P., to respond to Plaintiff's First Set of Interrogatories and Request for Production on May 3, 2010. On June 16, 2010, the undersigned ordered Tetra to respond completely to plaintiff's discovery requests and to include an appropriate privilege log for documents withheld on the basis of claimed attorney-client privilege or the work-product doctrine. On July 1, 2010, plaintiff responded and provided a privilege log. This motion followed.

In plaintiff's motion, he asserts Tetra's responses are inadequate and Tetra has improperly asserted the attorney-client privilege and work-product doctrine. At oral argument held on August 25, 2010, the parties clarified that the only remaining dispute is whether the documents listed in the privilege log were properly withheld.

1

Tetra included its privilege log and a copy of the documents withheld *in camera* for the court's inspection. The documents listed in the privilege log are described in two groups as follows:

> TETRA Incident Investigation Final Report Offshore P&A Ridgelake EI 303 Project Southern Hercules
> -Incident Summary
> -Investigative Findings
> -Root Cause Analysis
> -Preventative Measures

and,

> TETRA Weekly WAD Management HSE Review Meeting, HSE Information Share, Well Abandonment & Decommissioning
> -Weekly summary of accidents with subsequent remedial measures

Tetra has withheld all of these documents on the basis of attorney-client privilege, work-product doctrine, and a "subsequent remedial measures" privilege.[1]

### *Applicable Law and Discussion*

The burden of demonstrating the applicability of the attorney-client privilege or the qualified work product immunity rests on the party who invokes it. Hodges, Grant & Kaufmann v. United States, 768 F.2d 719, 721 (5th Cir. 1985). Therefore, the burden rests on Tetra to demonstrate that either the attorney-client privilege or work-product immunity is applicable to any of the categories of information Tetra seeks to protect from

---

[1] See Privilege Log, citing "FRCP 269b0(3) - Documents prepared in anticipation of litigation or for trial by or for Defendant or a representative of Defendant, FRE 501 and 502 - Information subject to the attorney client communication or attorney work product privilege and FRE 407 - Information describing subsequent remedial measures taken or recommended in order to make a similar accident less likely to occur."

2

disclosure.

*Attorney-Client Privilege*

A party invoking the attorney-client privilege must establish: (1) that there was a communication between client and counsel; (2) the communication was intended to be confidential; (3) the communication was, in fact, kept confidential; and (4) the communication was made for the purpose of obtaining or providing legal advice. U.S. v. Construction Products Research, Inc., 73 F.3d 464, 473-74 (2nd Cir.1996). In U.S. v. El Paso Co., 682 F.2d 530 (5th Cir. 1982), the Fifth Circuit noted the holding of Upjohn, that "[b]ecause the purpose of the attorney-client privilege is to promote the flow of information to the attorney to enable him to give informed legal advice, communications from lower echelon employees were within the privilege as long as the communications were made to the attorney to assist him in giving legal advice to the client corporation." El Paso Co., 682 F.2d 530, FN.8, referencing Upjohn, 101 S.Ct. at 682-86.

*Qualified Work-Product Immunity*

The qualified work product doctrine was first articulated by the Supreme Court in Hickman v. Taylor, 329 U.S. 495 (1947), and was codified in 1970 as Federal Rule of Civil Procedure 26(b)(3). See Chiasson v. Zapata Gulf Marine Corp. 988 F.2d 513, 514 (5th Cir.1993). Under the rule, documents or tangible things "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent),"

3

are generally protected from discovery. Rule 26(b)(3). Work product which contains the mental impressions, conclusions, opinion, or legal theories of a party's attorney or other representative has become known as "opinion work product" which is afforded a high degree of protection. See 8 Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice and Procedure § 2026 (2d ed.2007). Ordinary work product has more limited protection against discovery, and may be obtained "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Hodges, Grant & Kaufmann v. United States, 768 F.2d 719, 721 (5th Cir. 1985). The burden of establishing that a document is work product is on the party who asserts the claim, but the burden of showing that the materials that constitute work product should nonetheless be disclosed is on the party who seeks their production. Id., 768 F.2d at 721, citing Hickman, 329 U.S. at 511-12, 67 S.Ct. at 394, 91 L.Ed. at 462- 63.

*Discussion*

The privilege log shows, and Tetra conceded at argument that none of the withheld documents were prepared by or for Tetra's counsel so as to invoke the attorney-client privilege. Therefore, the undersigned finds the attorney-client privilege is inapplicable to the withheld documents. Tetra has cited this court to no independent "self-critical

analysis" privilege that would be applicable to the documents withheld. Rule 407 of the Federal Rules of Evidence governs the *admissibility* of subsequent remedial measures, not whether those measures are discoverable under Fed. R. Civ. P. 26(b)(1). Therefore, the "self-critical analysis" privilege does not provide a valid reason for withholding production of the documents.

However, at oral argument it became apparent that at least some of the documents are ordinary and/or opinion work-product under Fed. R. Civ. P. Rule 26(b)(3). Counsel for plaintiff stated he had not yet attempted to secure the withheld information by other means, specifically, by deposition of the individuals who prepared the documents. Although documents containing opinions and mental impressions in the root cause analysis may be protected from disclosure, the facts obtained by the witnesses who prepared them are nonetheless discoverable from the witnesses. *In re International Systems and Controls Corp. Securities Litigation*, 693 F.2d 1235, 1240 (5th Cir. 1982). The plaintiff is not precluded from questioning the author of the root cause analysis about facts obtained in the investigation. *Id.* at 1240.

Therefore, the undersigned finds *at this time* plaintiff has not made the required showing under Fed. R. Civ. P. Rule 26(b)(3)(A)(ii) that plaintiff "has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." As a result, the undersigned will deny the motion to compel as to these work-product materials at this time, subject to plaintiff's right to re-

5

urge their production should the substantial equivalent of the withheld information be unavailable by other means.

*Conclusion*

The undersigned finds Tetra has not met its burden of showing the attorney client privilege or self-critical analysis privilege is applicable to these documents. However, some of the documents are work-product under Fed. R. Civ. P. Rule 26(b)(3) and are not presently subject to production. Therefore,

**IT IS ORDERED** that plaintiff's Updated Motion to Compel (Rec. Doc. 32) is **GRANTED IN PART AND DENIED IN PART** as follows:

1) All documents withheld in privilege log entry number 2 shall be produced within 5 days of the date of this Ruling;

2) The documents withheld in privilege log entry number 1 shall be produced by page within 5 days of the date of this Ruling as follows: pages 1, 2, 3, 4, and 11. Plaintiff shall have the right to re-urge production of pages 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, and 18 should their substantial equivalent become unavailable by other means;

3) All other requested relief is **DENIED**.

Lafayette, Louisiana, this 25th day of August, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)